UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOSEMANY JEAN FRANCOIS                                                               PETITIONER

VERSUS                                                   CIVIL ACTION NO. 1:23-CV-277-TBM-RPM

STATE OF MISSISSIPPI et al                                                          RESPONDENTS

### REPORT AND RECOMMENDATION

Josemany Jean Francois filed on October 20, 2023, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which he later amended on December 27, 2023.  Doc. [1] [8]. Francois challenges his pre-trial detention in Hancock County on charges of burglary, forcible sexual intercourse, sexual battery, and kidnapping.  Doc. [18-1] at 4-8.  In his petition, he raises the following claims:  (1) there is insufficient evidence to support the charges against him; and (2) pre-indictment delay.  With respect to the first claim, Francois argues "there was no match for vaginal DNA, which means the rape should have been thrown out."  Doc. [8] at 6.  With respect to the second claim, he argues he did not receive an indictment within 426 days of his arrest.  Doc. [1] at 3; [8] at 6.  He requests that his charges be dismissed.  Doc. [1] at 6; [8] at 2, 7.  In response to the motion to dismiss, Francois indicates he is challenging only the charges of forcible sexual intercourse and sexual battery due to a lack of evidence.  Doc. [20].

Francois alleges he was arrested on June 15, 2021, but has not been brought to trial.  A grand jury indicted Francois on August 10, 2022.  Doc. [19-1].  Francois is currently set for trial on June 9, 2025.  Doc. [24-1].  After his arrest, Francois was charged with numerous offenses in two other counties.  He was indicted in Jackson County on September 14, 2022, on two counts of aggravated assault.  Doc. [18-2] at 7-8.  He was indicted in Jackson County on January 5, 2023, for sexual battery against a minor (S.D), and sexual battery and touching a child for lustful

purposes against another minor (K.M.).[1]  Doc. [18-3] at 6; [18-4] at 7.  According to Respondent, Francois also was indicted in Harrison County for one count of sexual battery.  Doc. [19] at 4 n.3  Francois' attorneys have requested numerous continuances of the Hancock County case.  Doc. [18-1] at 13, 23, 31, 61, 63, 68, 70, 72.  Respondent has filed a motion to dismiss based on Francois' failure to exhaust state remedies.  Doc. [19].

## Law and Analysis

Francois' habeas petition challenges pending charges in the Circuit Court of Hancock County.  He is a pre-trial detainee with respect to those charges; therefore, his petition for federal habeas relief is governed by 28 U.S.C. § 2241.  *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).  Francois requests that the charges be dismissed based on claims of insufficient evidence and pre-indictment delay.  To the extent Francois seeks to have the charges dismissed against him based on alleged constitutional violations, his petition is without merit.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973).  However, the Supreme Court has drawn a distinction between a pretrial petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" and a petitioner seeking only to enforce the state's obligation to bring him promptly to trial.  *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citing *Braden*, 410 U.S. at 489-490).  If a petitioner is attempting to dismiss the indictment against him or otherwise prevent prosecution of the case against him, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes."  *Id.*  If the petitioner is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide him with a prompt trial.  *Id.*  The former objective is generally not attainable through federal habeas corpus; the latter is.  *Id.*

---

[1] Francois has since entered a guilty plea to sexual battery and touching a child for lustful purposes in Jackson County.  Doc. [24-2].

The Supreme Court has held that a habeas petition may not disrupt pending state criminal proceedings by attempting to litigate constitutional defenses prematurely in federal court. *Braden* at 493. "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *See Braden*, 410 U.S. at 489. Special circumstances are present when

> (1) the state-court proceeding was brought in bad faith or to harass the federal plaintiff; (2) the federal plaintiff seeks to challenge a state statute that is "flagrantly and patently violative of express constitutional provisions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) ... other "extraordinary circumstances" threaten "irreparable loss [that] is both great and immediate."

*Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) ((quoting *Younger v. Harris*, 401 U.S. 37, 45, 53–54 (1971)).

Francois does not identify any special circumstances to justify this Court's intervention in the state criminal proceedings. His petition is merely an attempt to derail the state criminal proceedings by prematurely litigating defenses in federal court. Whether the evidence is sufficient to support the charges against him should be decided in state trial court proceedings. *See Huggins v. State of Mississippi*, No. 3:16CV637-TSL-RHW, 2017 WL 1304281, at *2 (S.D. Miss. Mar. 23, 2017) (dismissing pre-trial detainee's § 2241 sufficiency-of-evidence claim as premature); *Crenshaw v. City of Cincinnati Police Dep't*, No. 1:08-CV-315, 2008 WL 2121230, at *4 (S.D. Ohio May 20, 2008) (dismissing state pre-trial detainee's § 2241 evidence-sufficiency claim, finding "a trial on the merits may resolve plaintiff's claim of insufficient evidence to sustain the charges against him"). Francois also complains of a pre-indictment delay and cites to a violation of Mississippi law. Although there may have been a delay in the indictment, the fact remains Francois has been indicted. His claim of preindictment delay does

not identify a claim to support habeas relief. *See Dickerson*, 816 F.2d at 229 (finding petitioner who challenged preindictment delay failed to establish special circumstances entitling him to habeas relief). To the extent he asserts a speedy trial claim, the delays are attributable to Francois. Specifically, his defense attorneys requested at least nine continuances. Nevertheless, the Hancock County charges are set to go to trial on June 9, 2025. Accordingly, his petition should be denied with prejudice as to any claims seeking dismissal of the charges.

Francois' petition also fails because he has not exhausted state remedies. In his petition, Francois essentially concedes he has not exhausted state remedies. *See* Doc. [8]. By way of explanation, he states he did not pursue available appeals "because this is my first time being incarcerated and I've never had any knowledge of how to do any of this until now. I put all my faith in a lawyer that I had to fire after 2 years because I ain't rich." Doc. [8] at 7. In his one-page response to the motion to dismiss, Francois simply fails to address the exhaustion issue. Doc. [20]. As reflected in the state court record, Francois filed with the trial court on August 11, 2023, a *pro se* motion to dismiss the rape charges on substantially the same grounds as asserted in the instant petition. Doc. [18-1] at 45-47. That motion remained pending as of the filing of the state court record. *See* Doc. [23-1] at 3-4.

The exhaustion doctrine of section 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Brown*, 530 F.2d at 1283. "In order for a petitioner proceeding pursuant to § 2241 to exhaust his available state remedies, he would need to present the grounds of his federal habeas petition to the Mississippi Supreme Court." See *Hudson v. Mississippi*, 2009 WL 2487930, at *1 (S.D. Miss. Aug. 12, 2009). As the Fifth Circuit has explained,

"although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v.* 816 F.2d at 225.  The undersigned finds that Francois' claims regarding sufficiency of the evidence and pre-indictment delay have not been exhausted and should be pursued through state court procedures.  Accordingly, his petition should be denied.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Respondent's Motion to Dismiss be GRANTED and that Josemany Jean Francois's 28 U.S.C. § 2241 petition for writ of habeas corpus be DENIED.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 15th day of May 2025.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE